IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH RENALDO HAYNESWORTH   *

v.                            *   CIVIL ACTION NO. WDQ-14-3139

HAMPTON CITY JAIL             *

*****

MEMORANDUM

Kenneth Haynesworth is being held at the Hampton City Jail in Hampton, Virginia. On October 3, 2014, the Court received for filing his 28 U.S.C. § 2241 petition for habeas corpus relief, seeking compensatory damages. Affording this self-represented petition a generous construction pursuant to the dictates of *Haines v. Kerner*, 404 U.S. 519 (1972), the petition alleges that in January of 2014, Haynesworth was arrested for shoplifting from a department store. He complains that charges were never issued, no mug shot or fingerprints were taken, and he was not read his *Miranda*[1] rights. Haynesworth contends that he remains detained and has seen a magistrate, but "no one [has] issue[d] warrants." ECF No. 1 at p. 8. The document has been construed as a hybrid 28 U.S.C. § 2241 petition /42 U.S.C. § 1983 civil rights action for compensatory damages. Because he appears indigent, Haynesworth's motion for leave to proceed in forma pauperis shall be granted.

District courts are required to screen all civil cases brought by inmates. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). In conducting this review, courts should examine venue and jurisdiction, identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief

from a defendant who is immune from such relief. The screening is necessary to determine whether defendants/respondents should be required to respond to the action.

The undersigned observes that jurisdiction over this habeas corpus petition lies in the federal district court where Haynesworth's custodian is located. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (confirming that proper respondent in habeas action is a petitioner's warden); *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D. D.C. Cir. 2004) (district court "may not entertain a habeas petition involving present physical custody unless respondent custodian is within its territorial jurisdiction"). After *Padilla,* a court may only entertain a habeas petition involving current physical custody if the immediate custodian is within that court's jurisdiction. Haynesworth filed this action while detained at the Hampton City Jail in Hampton, Virginia. He is not confined in Maryland. Given these circumstances, this Court has no personal jurisdiction to adjudicate his 28 U.S.C. § 2241 petition.

Further, to the extent that Haynesworth seeks damages under § 1983, there is no proper basis for venue in this District as no defendant resides in Maryland, no substantial part of the events or omissions giving rise to the claims arose in Maryland, all the claims in this case are based upon conduct in Virginia where defendant resides, and personal jurisdiction over defendant rests in Virginia. *See* 28 U.S.C. § 1391(b). The Court will dismiss the petition/complaint without prejudice by separate Order.

Assuming he has set out viable grounds under §§ 2241 or 1983, Haynesworth may refile his case, along with the filing fee or indigency motion, in the United States District Court for the Eastern

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

District of Virginia, Walter E. Hoffman United States Courthouse, 600 Granby Street, Room 193, Norfolk, Virginia 23510-1915.

Date: October 9, 2014.

_____
William D. Quarles, Jr.
United States District Judge